UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-22201-CIV-COHN/SELTZER

CARLOS CUTINO,

　　　　Plaintiff,

v.

JOHN UNTCH, STEPHEN JEPKEMA,
MARK MORETTI, individually; SEVERAL
UNKNOWN POLICE OFFICERS OF
THE CITY OF MIRAMAR, FLORIDA,
a Florida municipal corporation; and
THE CITY OF MIRAMAR, FLORIDA,
a Florida municipal corporation,

　　　　Defendants.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION
## AND GRANTING DEFENDANTS' MOTION FOR COSTS

**THIS CAUSE** is before the Court on Plaintiff's Motion to Alter Judgment and for

New Trial [DE 171–172] ("Reconsideration Motion") and Defendants' Verified Motion to

Tax Costs [DE 175] ("Costs Motion").  The Court has carefully reviewed these motions

and all related filings and is otherwise fully advised in the premises.

I.　　**Background**[1]

On June 20, 2008, officers of the Miramar, Florida, SWAT Team executed a

narcotics search warrant at a local residence.  Upon entering the house, officers found

Plaintiff Carlos Cutino in a bedroom.  A physical altercation ensued between the officers

_____

　　[1]  The Court's prior Order Granting Defendants' Motion for Summary Judgment
sets forth, in greater detail, the material facts and procedural history of this case.
See DE 168 at 1-6.

and Cutino, and they eventually handcuffed him.  Cutino was charged with resisting an officer with violence but was later acquitted.

Thereafter, Cutino brought this action against the City of Miramar and two of its police officers.  Cutino asserted federal claims pursuant to 42 U.S.C. § 1983, as well as state-law claims.  As relevant here, one of the federal claims alleged that the officers violated the Fourth Amendment by using excessive force in apprehending Cutino. See Mercado v. City of Orlando, 407 F.3d 1152, 1156 (11th Cir. 2005).

Defendants moved for summary judgment, arguing that the officers used reasonable force to subdue Cutino, had probable cause to arrest him, and were protected by qualified immunity.  The Court found that the officers were entitled to qualified immunity on each of Cutino's federal claims.  Regarding the excessive-force claim in particular, unrebutted evidence showed that "although the Officers used rough physical force in subduing Cutino, that force was reasonably necessary given his defiant conduct toward them."  DE 168 at 11.[2]  More, Cutino had not "met his burden of showing that reasonable officers in the same circumstances would have clearly known that their actions were unlawful."  Id. at 12.  The Court further determined that Cutino's remaining claims failed since the officers had probable cause to arrest him for resisting an officer with violence.  See id. at 12-16.  Accordingly, the Court granted summary judgment to Defendants.  See id. at 16; DE 169 (Final J.) at 1.

Cutino now moves the Court to reconsider its summary-judgment ruling on his claim alleging excessive force.  Defendants have filed a response opposing the Reconsideration Motion, and Plaintiff has replied.  See DE 177; DE 181.

---

[2] For similar reasons, the Court held that Cutino could not establish his state-law claim against the City of Miramar for assault and battery.  See DE 168 at 15.

In addition, Defendants seek an award of litigation costs as the prevailing parties. After Cutino did not timely respond to the Costs Motion, the Court ordered him to file a substantive response.  See DE 180 (Order Directing Mot. Resp.) at 1.  The Court warned Cutino that if he did not respond, "the Court may grant Defendants' Motion by default."  Id.  Nevertheless, Cutino did not file a response to the Costs Motion.

## II.    Discussion

### A.    Plaintiff's Reconsideration Motion

As pertinent here, a motion for reconsideration may be granted "to correct clear error or prevent manifest injustice."  Williams v. Cruise Ships Catering & Serv. Int'l, N.V., 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004).  A court may not grant reconsideration, however, if "the motion does not raise new issues but only relitigates what has already been found lacking."  Reyher v. Equitable Life Assurance Soc'y, 900 F. Supp. 428, 430 (M.D. Fla. 1995).  Instead, the moving party must demonstrate "why the court should reconsider its prior decision" and must "set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision."  Williams, 320 F. Supp. 2d at 1358 (internal quotation marks omitted).  "[R]econsideration of a previous order is an extraordinary remedy, to be employed sparingly."  Id. (internal quotation marks omitted).

Here, Cutino has not shown error—much less clear error or manifest injustice— in the Court's summary-judgment ruling.  A major theme of the Reconsideration Motion is that "[t]he Court erred in not accepting the evidence of Mr. Cutino in opposition to the Defendants' Motion for Summary Judgment."  DE 171 at 1; see DE 172 at 1.  But this is simply wrong.  The Court examined the parties' differing versions of events and found that, even accepting Cutino's version, the record showed conclusively that the officers

were entitled to qualified immunity.  See DE 168 at 10 ("[D]espite viewing the facts in the light most favorable to Cutino, the Court finds that the Officers are entitled to qualified immunity on the excessive-force claim.").

Cutino also describes several decisions that, according to him, "mandate[] that the individual Defendants' Motion For Summary Judgment . . . be denied."  DE 171 at 1; see DE 172 at 4-11.  But those cases involve substantially different facts than the circumstances faced by the officers here.  The decisions Cutino cites are far from the "strongly convincing" law needed to justify reconsideration.  Williams, 320 F. Supp. 2d at 1358.

Last, Cutino asserts that the Court relied on incorrect legal standards in analyzing qualified immunity.  This argument too is unavailing.  The qualified-immunity standards applied by the Court are those set forth in recent decisions of the Supreme Court and the Eleventh Circuit.  See DE 168 at 8 (citing, e.g., Carroll v. Carman, 135 S. Ct. 348 (2014) (per curiam); Ashcroft v. al-Kidd, 131 S. Ct. 2074 (2011); Case v. Eslinger, 555 F.3d 1317, 1325 (11th Cir. 2009)).  Nothing in the Reconsideration Motion explains how the Court erred in using these standards.[3]

In sum, Cutino has shown no valid reason for the Court to reconsider its grant of summary judgment to Defendants on the excessive-force claim.  The Reconsideration Motion will therefore be denied.

**B.    Defendants' Costs Motion**

The Court now turns to the Costs Motion, in which Defendants seek to recover litigation costs totaling $40,546.71.  As noted above, Cutino has twice failed to respond

---

[3]  The Court likewise rejects Cutino's other arguments, which mischaracterize the record evidence or offer strained interpretations of that evidence.

to the Costs Motion, despite the Court's warning that it may grant the motion by default. The Court will thus treat the Costs Motion as unopposed and award Defendants their requested costs.  See Manor Healthcare Corp. v. Lomello, 929 F.2d 633, 639 (11th Cir. 1991) (noting "a presumption in favor of awarding costs to the prevailing party"); Ass'n for Disabled Ams., Inc. v. Integra Resort Mgmt., Inc., 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005) (recognizing that the burden of challenging proposed costs normally "lies with the losing party").

## III.   Conclusion

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** as follows:

1.   Plaintiff's Motion to Alter Judgment and for New Trial [DE 171–172] is **DENIED**;

2.   Defendants' Verified Motion to Tax Costs [DE 175] is **GRANTED**; and

3.   Defendant is awarded costs totaling $40,546.71.  The Court will enter a separate Final Judgment Taxing Costs.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 22nd day of April, 2015.

_____
JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record via CM/ECF